## In re FISCHER.
### Patent Appeal No. 2628.

Court of Customs and Patent Appeals.
Feb. 25, 1931.

Albert F. Robinson, of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This appeal relates to alleged patentable improvements in roofing material.

Eight figures of drawings accompany the specification. These disclose a sheet of roofing material with adhesive strips of various forms secured to the edges thereof. In some the figures show the adhesive strip folded in order to protect the surface of the strip. In one there is a strip of lap cement which is covered with a strip of fabric. When this fabric strip is unfolded the cement strip is exposed.

The appealed claims are five in number, 1, 5, 6, 7, and 8.

Numbers 1 and 8 may be taken as typical.

"1. As a new article of manufacture a self-adhering surfacing material comprising a sheet provided with a continuous strip of fibrous material within overlapping areas of adjoining sheets, and mastic having inherent adhesive qualities impregnated in said strip which serves as a vehicle therefor to render adjoining sheets self-adhering."

"8. Prepared sheet roofing or surfacing material carrying upon seaming, or jointing, of adhering areas thereof a flexible strip saturated with an adhesive, said strip providing a vehicle for carrying said adhesive as a self-contained element in the production of said sheet roofing or surfacing material."

It is noted that none of the claims is limited to any particular kind of sheet roofing, and, while it is stated that appellant, in fact, uses fibrous roofing, the claims read upon sheet metal roofing as well.

All claims were rejected as showing nothing inventive over a patent to Scarff, 1,335,-758, of April 6, 1920. There was also cited a publication by Abraham, entitled "Asphalt and Allied Substances."

It seems obvious that the claims as drawn read squarely on the Scarff patent, which shows an adhesive strip attached to the roofing sheet before same is laid. It is true that Scarff's roofing sheet is metal, but, as has been stated, appellant's claims are not confined to any material.

It is insisted by appellant that his cement material is inherently adhesive in its normal condition, while that of Scarff requires heating by a hot iron, when being placed on the roof. The publication by Abraham, supra, discloses inherently adhesive cement materials.

In a supplemental brief filed by permission of the court, appellant directs attention to claims allowed him October 28, 1930, in another application, on building material of a described kind. These claims were allowed after the filing of his original brief in this case. It is insisted that the claims so allowed were generic, and that those of the instant application are specific, and we are cited to our decision in the case of In re McConnell, 40 F.(2d) 567, 17 C. C. P. A. 1139, 399 O. G. 419.

We have examined the authority cited, but fail to discover the analogy between that case and the one at bar.

The question of whether the claims of October 28, 1930, were properly granted is, of course, not before us, and our concern is confined to the instant application.

Appellant's claims here involved are sufficiently broad to read directly upon Scarff, who obviously, as the Examiner stated, "uses an adhesive substance to cause overlapping roofing sheets to adhere together." The mere

possible omission by appellant of nails used as one fastening element by Scarff is not inventive.

The claims set forth different arrangements of the plastic strips in order that their adhesive qualities may be preserved. This may involve a degree of skill, but it is not invention.

The decision of the Board of Appeals being, in our opinion, without error is affirmed.

Affirmed.